
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MISAEL URBINA,

               Plaintiff-Appellant,

v.

COMCAST CABLE
COMMUNICATIONS MANAGEMENT,
LLC; et al.,

               Defendants-Appellees.

No.   17-17180

D.C. No. 3:16-cv-03948-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted December 3, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and MILLER, Circuit
Judges.

     Misael Urbina appeals the district court's grant of summary judgment in

favor of Comcast on his claims that Comcast terminated him from his position as a

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

network technician in violation of the California Fair Housing and Employment Act ("FEHA") and California common law. We affirm.

"FEHA prohibits discrimination against any person with a disability but, like the ADA, provides that the law allows the employer to discharge an employee with a physical disability when that employee is unable to perform the essential duties of the job even with reasonable accommodation." *Green v. California*, 165 P.3d 118, 119 (Cal. 2007) (citing Cal. Gov't Code § 12940(a)(1)).

We agree with the district court that lifting more than twenty-five pounds was an essential function of Urbina's job. Urbina does not dispute that network technicians regularly carried heavy tools and equipment or that lifting up to seventy pounds was listed in his official job description. Instead, Urbina contends that Comcast could accommodate his conceded inability to lift that amount by allowing him to perform only those tasks that could be completed from a bucket truck without any heavy lifting. FEHA does not require an employer to exempt a disabled employee from any essential function of the job or convert a temporary, light-duty accommodation into a permanent position. *See Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 374–76 (Cal. Ct. App. 2015); *Raine v. City of Burbank*, 135 Cal. App. 4th 1215, 1223–24 (Cal. Ct. App. 2006).

2

Urbina also contends that Comcast failed to meet its obligation to engage in a good-faith, interactive process to find him a suitable reassignment position. An interactive process claim under FEHA can succeed only if the employee identifies during litigation a reasonable accommodation that would have been possible. *Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986, 1018–19 (Cal. Ct. App. 2009).

Even with the benefit of a full list of Comcast's job openings during the relevant time period, Urbina points only to supervisor positions as possible reasonable accommodations. But California regulations require an employer to reassign a disabled employee only to a "comparable" or "lower graded or lower paid position." Cal. Code Regs. tit. 2, § 11068(d)(2); *see Nealy*, 234 Cal. App. 4th at 377. Urbina has not identified any vacant positions to which he could have been reassigned as a reasonable accommodation.

Urbina concedes that his claims for termination in violation of public policy and failure to prevent discrimination depend on establishing an independent violation of FEHA. *See Stevenson v. Superior Court*, 941 P.2d 1157, 1169–72 (Cal. 1997). We therefore affirm the district court's grant of summary judgment as to that claim as well.

**AFFIRMED.**